```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

------------------------------x
                              :
JAMES A.  HARNAGE             :    Civ. No. 3:16CV01659(AWT)
                              :
v.                            :
                              :
JANINE BRENNAN, et al.        :    May 9, 2018
                              :
------------------------------x
```

**RULING ON PENDING MOTIONS**

Pending before the Court are two motions filed by self-represented plaintiff James A. Harnage ("plaintiff"). One motion seeks to compel responses to, and sanctions for defendant Dr. Wu's failure to respond to, plaintiff's interrogatories. [Doc. #44]. The second motion requests an extension of time to complete discovery and to modify the current scheduling order. [Doc. #45]. Defendants have filed an objection to plaintiff's motions. [Doc. #49]. For the reasons set forth below, the Court **GRANTS, in part, and DENIES, in part**, plaintiff's motion to compel [**Doc. #44**], and **GRANTS, in part**, plaintiff's motion for extension of time to complete discovery and modification of scheduling order [**Doc. #45**], for the limited purpose of completing the discovery ordered herein.

## I. Relevant Procedural History

The Court presumes familiarity with the general procedural and factual background of this matter, and outlines the procedural history only as relevant to the current dispute.

On November 13, 2017, plaintiff filed a "Motion to Expand Discovery," which sought to increase the number of interrogatories he could serve on each defendant. See Doc. #30. On November 15, 2017, defendants filed an objection to that motion. [Doc. #31]. On November 20, 2017, Judge Thompson referred plaintiff's motion to the undersigned. [Doc. #32]. The next day, the Court denied plaintiff's motion, without prejudice. [Doc. #33]. The Court stated, inter alia: "If plaintiff wishes to pursue this request, he may file a renewed motion that includes a list of the interrogatories he wishes to serve, and explains why each of the interrogatories is necessary and appropriate under Rule 26." Id. At no time since that Order has plaintiff filed a renewed motion for permission to serve excess interrogatories.

On December 11, 2017, Judge Thompson held a telephonic status conference, and ordered that all discovery be completed by February 9, 2018. See Doc. #40. Judge Thompson further ordered that any dispositive motions be filed by March 12, 2018. See id. No dispositive motions having been filed, on April 9, 2018, Judge Thompson entered a Trial Memorandum Order, requiring

that the parties jointly file by May 9, 2018, a Trial Memorandum for approval by the Court. [Doc. #43].

Plaintiff filed the motions now at issue on April 11, 2018, and April 16, 2018, respectively. The Court addresses each in turn.

## II. Motion to Compel [Doc. #44]

Plaintiff moves to compel answers to 183 separate interrogatories directed to defendant Dr. Wu. See Doc. #44. Plaintiff also seeks the award of "punitive monetary sanctions to be awarded to charity" in light of "defendants failure to comply with the Federal Rules of Civil Procedure[.]" Id. at 1 (sic). Plaintiff asserts that Dr. Wu has provided no response to any of the 183 interrogatories. See id. Dr. Wu responds that plaintiff never sought permission to serve 183 interrogatories and that answering 183 interrogatories is overly burdensome and an abusive discovery tactic. See Doc. #49 at 1.

### A. Legal Standard

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this

> scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "[T]he burden of demonstrating relevance is on the party seeking discovery[.]" Mason Tenders Dist. Council of Greater New York v. Phase Constr. Servs., Inc., 318 F.R.D. 28, 36 (S.D.N.Y. 2016). Once the party seeking discovery has demonstrated relevance, the burden then shifts to "[t]he party resisting discovery ... [to] show[] why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009) (alterations added).

**B. Discussion**

As an initial matter, the Court notes that plaintiff filed his motion to compel well after the close of discovery. "Though Rule 37 does not establish time limits for such a motion, a party seeking to file a motion to compel after discovery has closed must ... establish good cause." Gucci Am., Inc. v. Guess?, Inc., 790 F. Supp. 2d 136, 139 (S.D.N.Y. 2011); accord Casagrande v. Norm Bloom & Son, LLC, No. 3:11CV1918(CSH), 2014 WL 5817562, at *2 (D. Conn. Nov. 10, 2014). Plaintiff offers no good cause for the Court to consider his motion to compel at this late stage. Thus, the Court could simply deny plaintiff's motion as untimely. See, e.g., Richardson v. City of New York, 326 F. App'x 580, 582 (2d Cir. 2009) ("[T]he district court did not abuse its discretion in denying Plaintiff's motion to compel

discovery, which was filed over one month after the close of discovery, as untimely."); James v. United States, No. 99CV4238(BSJ)(HBP), 2003 WL 22149524, at *6 (S.D.N.Y. Sept. 17, 2003) (denying motion to compel as untimely where it was filed six months after the close of discovery and the movant proffered no justification for the untimeliness). However, in recognition of plaintiff's self-represented status, the Court will review the substance of plaintiff's motion, particularly in light of the representation that Dr. Wu has provided no answers to the interrogatories at issue. See Doc. #44 at 1.

Plaintiff seeks to compel answers to 183 interrogatories. "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). Plaintiff has failed to request permission to serve excess interrogatories as to any party. However, rather than deny plaintiff's motion to compel outright on this basis, the Court will consider the reasonableness of the first 25 interrogatories propounded to Dr. Wu.

After reviewing the first 25 interrogatories propounded on Dr. Wu and the allegations of plaintiff's Complaint, as limited by the Initial Review Order, see Docs. #1, #7, the Court hereby orders as follows:

Dr. Wu shall answer interrogatories 1 through 5, 8 through 10, 12, and 15 through 25 as currently framed.

Interrogatory 6 is overbroad and vague as currently framed. As to interrogatory 6, Dr. Wu shall identify each medical school he has attended, and the degree he obtained from that institution.

Interrogatory 7 is overbroad and vague as currently framed. As to interrogatory 7, Dr. Wu shall identify each employer for whom he has worked in a medical capacity in the past ten years.

Interrogatory 11 is temporally overbroad and seeks information that is not relevant to this case. The allegations of the complaint relate to incidents at Corrigan Correctional Institution, beginning on or about July 29, 2016, when plaintiff was transferred from MacDougall to Corrigan. See generally Doc. #1 at 2. Accordingly, as to interrogatory 11, Dr. Wu shall answer only as to Corrigan, and for the time period of July 29, 2016, through June 15, 2017.[1]

Interrogatory 13 is temporally overbroad and seeks information that is not relevant to this case. The allegations

---

[1] On June 19, 2017, plaintiff filed a "Notice Re: Change of Address", bearing the date of June 15, 2017. Doc. #24. That document states that plaintiff's address had changed to MacDougall Correctional Institute. See id. Because the allegations of the Complaint relate to incidents at Corrigan, the Court limits the temporal scope of the requests to the dates during which plaintiff was housed at that facility.

of the Complaint relate to incidents at Corrigan Correctional Institution, beginning on or about July 29, 2016, when plaintiff was transferred from MacDougall to Corrigan. See generally Doc. #1 at 2. Accordingly, as to interrogatory 13, Dr. Wu shall answer only as to Corrigan, and for the time period of July 29, 2016, through June 15, 2017.

Interrogatory 14 seeks information that is not relevant to this case. The allegations of the Complaint relate to incidents at Corrigan Correctional Institution, not MacDougall. See generally Doc. #1 at 2. Accordingly, as to interrogatory 14, Dr. Wu shall answer only as to Corrigan.

Dr. Wu shall provide answers to the above-referenced interrogatories on or before **June 8, 2018.**

Plaintiff's request for monetary sanctions is **DENIED.**

### III. Motion for Extension of Time to Complete Discovery and for Modification of the Scheduling Order [Doc. #45]

After the filing of the motion to compel, on April 16, 2018, plaintiff filed a motion for extension of time and for modification of the scheduling order. [Doc. #45]. Plaintiff requests "an additional 90 days to complete discovery, up to and including August 9, 2018; and September 10, 2018, to file a Joint Trial Memorandum[.]" Id. at 1. As grounds for the requested extension, plaintiff represents that he has: been "working to complete discovery" in another federal court case;

~7~

that his "discovery efforts have been ... hampered by the DOC;" and "the court has set unreasonably expedited discovery in a number of this plaintiffs actions before this court, leaving the plaintiff and defense counsel no other options but to invest everyday solely to matters before the court with no leeway for anything else." Id. at 1-2 (sic). The Court construes plaintiff's motion as one for modification of the scheduling order and to reopen discovery.

Pursuant to the Local Rules, all requests for an extension of time must be supported by a showing of good cause. See D. Conn. L. Civ. R. 7(b)(1). Plaintiff represents that he is unable to meet the deadlines in this matter as a result of his litigating other federal and state court cases. See Doc. #45 at 1. The press of other business does not constitute good cause to extend deadlines. See, e.g., Wingates, LLC v. Commonwealth Ins. Co. of Am., 21 F. Supp. 3d 206, 215 (E.D.N.Y. 2014), aff'd, 626 F. App'x 316 (2d Cir. 2015); Shemendera v. First Niagara Bank N.A., 288 F.R.D. 251, 253 (W.D.N.Y. 2012); Lynch v. Waitman, No. 94CV0265(LAK)(BAL), 1995 WL 7991, at *3 (S.D.N.Y. Jan. 10, 1995).

The Second Circuit has emphasized that "a finding of 'good cause' depends on the diligence of the moving party." Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000). Plaintiff asserts that he "works diligently to meet a number of

unreasonably expedited pleading and discovery deadlines." Doc. #45 at 1. Here, however, plaintiff filed his motion for an extension of time over two months after the close of discovery, and less than 30 days before the deadline for the filing of the joint trial memorandum. Such a late filing does not support a finding of diligence on the part of the plaintiff. See, e.g., Shemendera, 288 F.R.D. at 253 ("The filing of a request for an extension on the final day of the time period does not provide good cause for an extension of the deadline. To the contrary, it is evidence of being remiss in one's duties." (citation omitted)).

In addition to diligence, courts in this Circuit consider several other factors in assessing whether to extend a scheduling order and reopen discovery: "(1) the imminence of trial; (2) whether the request is opposed; (3) prejudice to the nonmoving party; (4) whether the moving party foresaw the need for additional discovery, in light of the discovery deadline set by the court; and (5) whether further discovery is likely to lead to relevant evidence." Casagrande, 2014 WL 5817562, at *2 (D. Conn. Nov. 10, 2014) (quoting Jeannite v. City of New York Dep't of Bldgs., No. 09CV3464(DAB)(KNF), 2010 WL 2542050, at *2 (S.D.N.Y. June 21, 2010)).

Here, although a trial date has not yet been set, the parties' joint trial memorandum is due on May 9, 2018. See Doc.

#43. This factor weighs against extending the scheduling order and reopening discovery at this late date.

Defendants do not oppose reopening discovery, provided that they are provided an opportunity to file a motion for summary judgment. See Doc. #49 at 1-2. In the event that discovery is reopened, the Court finds that any prejudice suffered by defendants could be ameliorated by allowing defendants to file a motion for summary judgment. Accordingly, these two factors weigh in favor of extending the scheduling order and reopening discovery.

As to the fourth factor, plaintiff is an experienced party in federal court, and he undoubtedly foresaw the need for additional discovery in light of the discovery deadline set by Judge Thompson. This factor weighs against extending the scheduling order and reopening discovery.

Finally, whether further discovery in this matter may lead to relevant evidence is unclear. Plaintiff has failed to proffer any information at all regarding what additional discovery he would seek from which defendant. Further, plaintiff will be receiving discovery in a related case, Harnage v. Wright, 16CV1543(AWT), which may apply to some of the claims asserted in this matter. Accordingly, this factor also weighs against extending the scheduling order and reopening discovery.

On balance, the above-referenced factors and plaintiff's diligence, or lack thereof, do not weigh in favor of extending the scheduling order and reopening discovery. "A party seeking to reopen discovery bears the burden of establishing good cause and discovery should not be extended when there was ample opportunity to pursue the evidence during discovery." Pharmacy, Inc. v. Am. Pharm. Partners, Inc., No. 05CV776 (DRH)(AKT), 2008 WL 4415263, at *3 (E.D.N.Y. Sept. 24, 2008). Here, plaintiff has failed to establish good cause for the reopening of discovery, or otherwise extending the scheduling order. Plaintiff has had ample opportunity to conduct discovery in this matter, which has been pending since October 2016. Indeed, plaintiff has already sought and obtained one extension of the scheduling order. See Docs. #12, #18. Judge Thompson then further extended the deadline by which to complete discovery until February 9, 2018. See Doc. #40. Plaintiff states that he chose to focus on other litigation during this matter's discovery period; he must bear the consequences of that decision. "Plaintiffs, as initiators of lawsuits, must be held accountable for their actions just as litigants can be held to the actions of their counsel." Lopez v. Ramos, No. 11CV07790(NSR), 2013 WL 6912692, at *3 (S.D.N.Y. Dec. 30, 2013). Accordingly, the Court **DENIES, in part**, plaintiff's Motion for Extension of Time and Modification of the Scheduling Order [**Doc. #45**]. The Court **GRANTS** that motion, **in part**, but

only for the limited purpose of completing the discovery ordered herein.

**IV. Conclusion**

For the reasons stated above, the Court **GRANTS, in part, and DENIES, in part,** plaintiff's motion to compel [**Doc. #44**], and **GRANTS, in part, and DENIES, in part,** plaintiff's motion for extension of time to complete discovery and modification of scheduling order [**Doc. #45**], for the limited purpose of completing the discovery ordered herein.

This is not a Recommended Ruling. This is an order regarding discovery and case management which is reviewable pursuant to the "clearly erroneous" statutory standard of review. See 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at New Haven, Connecticut, this 9th day of May, 2018.

                                        /s/
                                HON. SARAH A. L. MERRIAM
                                UNITED STATES MAGISTRATE JUDGE